IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LESLIE ROLLER, on behalf of herself and others similarly situated, | : | CASE NO. _____ |
| Plaintiff, | : | |
| v. | : | |
| EXCENTUS CORPORATION, a Texas corporation, and VIBES MEDIA, LLC, a Delaware limited liability company, | : | |
| Defendants. | : | |

**CLASS ACTION COMPLAINT FOR DAMAGES, DECLARATORY AND PERMANENT INJUNCTIVE RELIEF REQUESTED, DEMAND FOR A JURY TRIAL**

Plaintiff, LESLIE ROLLER (hereinafter, "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of counsel, and on information and belief, as follows:

**NATURE OF ACTION**

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines and storage space, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991 ("TCPA"). Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the TCPA was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers," *id.* at § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms," *id.* at § 2(9).

1

2. The TCPA provides for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If people wish to no longer receive telephone solicitations, they can add their numbers to the list. The TCPA then restricts any telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ("It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the 'do-not-call' registry, maintained by the Commission."). Private suits can seek either monetary or injunctive relief. 47 C.F.R. § 64.1200. This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his or her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging Defendants made telemarketing calls (or texts) to numbers on the national Do Not Call Registry, including her own.

4. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls or texts from Defendants.

5. A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff, LESLIE ROLLER, is an individual residing in Indianapolis, Indiana.

7. Defendant, EXCENTUS CORPORATION ("Excentus"), is a for profit corporation organized under the laws of Texas with its principal place of business in Dallas, Texas.

8. Defendant, VIBES MEDIA, LLC ("Vibes Media"), is a limited liability company organized under the laws of Delaware with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

10. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves to the Indiana marketplace by directing their telemarketing messages to Indiana and to Plaintiff's cellular telephone, which is located in Indiana where Plaintiff resides.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telemarketing messages that are the subject of this lawsuit were sent to Plaintiff while she was a resident of and present in this District.

## TCPA BACKGROUND

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy . . . ." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The National Do Not Call Registry</u>

13. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14. The national Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## **FACTUAL ALLEGATIONS**

17. Defendants are "persons" as the term is defined by 47 U.S.C. § 153(39).

18. Excentus provides marketing and promotional programs and services to businesses that sell fuel to consumers. Excentus utilizes price roll down discounts at fuel pumps as consumer rewards to help its retail partners compete and grow market share.

19. Vibes Media provides mobile marketing solutions and programs designed to increase revenue and engagement through technology. Vibes Media's mobile engagement platform enables marketers to manage mobile communication channels with consumers via text

message, push notifications, Apple Wallet, Google Pay, messaging apps, and mobile web campaigns.

20. At no point has Plaintiff sought out or solicited information regarding Defendants' goods and services prior to receiving the telemarketing calls at issue.

Calls to Plaintiff

21. Plaintiff Roller's cellular telephone number, 317-XXX-6920, is a residential telephone line.

22. This telephone number has been on the national Do Not Call Registry since October 15, 2022.

23. Despite this, Plaintiff received at least two telemarketing text messages from Defendants and/or their agents on January 21, 2024 and February 5, 2024. Specifically, upon information and belief, Plaintiff alleges these text messages were sent by Defendant Vibes Media pursuant to a contract with Defendant Excentus, acting as its agent, for the purpose of soliciting Excentus' fuel discount program to Plaintiff.

24. Screen shots of the text messages Plaintiff received are attached hereto at Exhibit A.

25. The links in both text messages are to a Vibes Media short URL website (i.e., https://vbs.cm/ . . .). Attempts to access this short URL site result in the following message: "Vibes Short URL Site – Authorized Use Only. You have reached the Vibes short url site. This is for authorized users/customers of Vibes Media, only." as seen in the following screen capture:



26. The specific links in Plaintiff Roller's text messages (i.e., https://vbs.cm/Ilbqbf and https://vbs.cm/oIJwKr) lead to a website asking the viewer to "Complete your registration here" and join a Fuel Rewards program. The website states, "The Fuel Rewards program is owned and operated by Excentus Corporation."

27. As can be seen from the website linked in the text messages and the short URL of the messages themselves, the text messages were sent by Vibes Media on behalf of Excentus. Excentus is explicitly identified on the Fuel Rewards program website linked in the Vibes Media short URL links in the text messages, and Vibes Media is explicitly identified in the short URL site. Each of the text messages was an explicit solicitation regarding Excentus Corporation's Fuel Rewards program delivered by Vibes Media technology.

28. Plaintiff did not respond to any of Defendants' solicitation text messages.

29. Around the time of these messages, Plaintiff was not in the market for or researching fuel rewards programs on the internet, in person, or otherwise. Plaintiff has never interacted with Defendants in any manner, other than through the receipt of the above telemarketing text messages. Plaintiff did not consent to receiving these texts.

30. As to Vibes Media, Plaintiff alleges direct liability because it was the entity who sent the text messages to Plaintiff. As to Excentus, Plaintiff alleges it should be held vicariously liable for the conduct of its agent, Vibes Media. Vibes Media explicitly promotes its mobile marketing solutions and programs to "help marketers" like Excentus "increase revenue and engagement" through "mobile communication channels including text messaging." Based on Vibes Media's business model, a contract must exist between the two Defendants. The only fuel discount reward program mentioned in the link provided to Plaintiff by Vibes Media was Excentus' program. The agent(s) sending the text messages hold themselves out as persons

authorized to market Excentus's services. At a minimum, Excentus accepts the fuel rewards program memberships solicited by Vibes Media, and ratifies Vibes Media's conduct. A reasonable person would understand the third party initiating the text messages (Vibes Media) would be doing so at the direction and with the authority of Excentus.

31.    These text messages qualify as telemarketing and constitute a concrete injury to Plaintiff. 47 C.F.R. § 64.1200(f)(12). *Pariseau v. Built USA, LLC*, 619 F. Supp. 3d 1203, 12-6-07 (M.D. Fla. Aug. 5, 2022) (text messages are considered "telephone calls" within the meaning of the TCPA and fall under the same rules generally prohibiting solicitation calls); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 461-63 (7th Cir. 2020).

32.    Plaintiff and all members of the class defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were subjected to annoying and harassing calls or text messages that constitute a nuisance. The texts also occupied Plaintiff's and class members' telephone lines, used up their time, and prevented them from receiving legitimate communication.

## CLASS ACTION ALLEGATIONS

33.    As authorized by Fed. R. Civ. P. 23(b)(2) or (b)(3), Plaintiff bring this action on behalf of a national class of all other persons or entities similarly situated throughout the United States.

34.    The class of persons that Plaintiff proposes to represent is defined as follows (collectively referred to as the "Class"):

> **National Do Not Call Registry Class**: All persons in the United States whose numbers are listed on the national do-not-call registry, and who received two or more telemarketing calls/texts within any 12-month period from Defendants or their agents to their residential telephone number 31 or more days after the telephone number was listed on the national do-not-call registry at any time in the period

      that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").

35.  Plaintiff represents, and is a member of, the proposed Class. Excluded from the Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any person who made a transaction with Defendants in the preceding 18 months before receiving a telemarketing call/text, any person who has executed a signed, written agreement between the person and either Defendant which states that the person agrees to be contacted by either Defendant and includes the telephone number to which the calls may be placed, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

36.  The Class, as defined above, is identifiable through telephone records and telephone number databases.

37.  The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls and text messages.

38.  Individual joinder of these persons is impracticable.

39.  Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

40.  Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as she has no interests that conflict with any of the class members.

41.  Plaintiff and all members of the Class have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

42.  This class action complaint seeks injunctive relief and money damages.

43. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. whether Defendants systematically made multiple telephone calls or text messages to members of the National Do Not Call Registry Class;

    b. whether Defendants made calls or text messages to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

    c. whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

44. Plaintiff's claims are typical of the claims of the Class.

45. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

46. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

47. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

48. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendants to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate

claims against Defendants are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

49. Defendants acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls/texts made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

50. Plaintiff repeats her prior allegations of this Complaint from paragraphs 1-48 and incorporates them by reference herein.

51. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the national Do Not Call Registry.

52. Defendants' violations were negligent, willful, or knowing.

53. As a result of Defendants', and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call/text made.

54. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls and/or text messages to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E. An order enjoining Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls and/or text messages to numbers on the National Do Not Call Registry, absent an emergency circumstance;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. An award of attorney fees, expenses, and costs; and

H.   Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a jury trial on all issues so triable.

Dated: April 11, 2024                                Respectfully submitted,

                                        SMITH KRIVOSHEY, PC

By:/s/ *Aleksandr "Sasha" Litvinov*
Aleksandr "Sasha" Litvinov (IN Bar No. 37238-39)
867 Boylston Street 5th Floor #1520
Boston, MA 02116
Telephone: 617-377-7404
Facsimile: (888) 410-0415
E-Mail: sasha@skclassactions.com

Yeremey O. Krivoshey (SBN 295032) (*pro hac vice* pending)
166 Geary Str STE 1500-1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: (888) 410-0415
E-Mail: yeremey@skclassactions.com

*Attorneys for Plaintiff
and the Proposed Class*